**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MALCOLM EUGENE MOORE,

    Defendant - Appellant.

No. 04-5076
(D.C. No. 01-CV-336-H)
(N.D. Okla.)

---

**ORDER**

---

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Defendant-appellant Malcolm Moore seeks a certificate of appealability (COA) to appeal the district court's decision denying him 28 U.S.C. § 2255 relief from his three convictions for bank robbery, and aiding and abetting bank robbery, see 18 U.S.C. §§ 2, 2113, and his three convictions for using a firearm during the commission of a crime of violence, and aiding and abetting this use of a firearm, see 18 U.S.C. §§ 2, 924(c). On appeal, Moore argues that 1) the district court erred in imposing consecutive sentences for his three firearm convictions under 18 U.S.C. § 924(c)[1]; and 2) the indictment failed to specify

---

[1]     Moore now argues that Blakely v. Washington, 124 S. Ct. 2531

(continued...)

whether Moore was charged as an aider and abettor under 18 U.S.C. §2(a) or

§ 2(b).[2]

Moore must obtain a COA to pursue this appeal. <u>See</u> 28 U.S.C.

§ 2253(c)(1)(B).  To be entitled to a COA, he must make a "substantial showing

of the denial of a constitutional right."  <u>Id.</u> § 2253(c)(2).  To make this showing,

Moore must establish that "reasonable jurists could debate whether (or for that

matter, agree that) the petition should have been resolved [by the district court] in

a different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84

---

[1](...continued)
(2004), supports this claim for relief.  The Supreme Court decided <u>Blakely</u> just after the district court denied Moore § 2255 relief.  Because Moore's <u>Blakely</u> argument was not before the district court when it considered his § 2255 motion, we will not address it here.  <u>See</u> <u>United States v. Mora</u>, 293 F.3d 1213, 1218 (10th Cir. 2002) (noting, in § 2255 proceeding, that appellate court ordinarily does not consider issues raised for first time on appeal).

[2]      In his § 2255 motion, Moore asserted additional claims, alleging his trial counsel was ineffective for failing to object to consecutive sentences for two of Moore's 18 U.S.C. § 924(c) convictions, the indictment's failing to specify whether Moore was charged under 18 U.S.C. § 2(a) or § 2(b), the government's withholding evidence, a government's witness's perjured testimony, and the government's failing to prove that the banks that were robbed were federally insured.  Moore further alleged that the government falsified evidence it presented against him.  Moore, however, does not reassert these claims now on appeal.

(2000) (quotations omitted).  Moore has failed to make that showing.  For substantially the reasons relied upon by the district court, therefore, we DENY Moore a COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge